WILLIAM J. (JACK) JONES, INSURANCE TRUST, William J. (Jack) Jones & Helen G. Jones, Trustees, Plaintiffs,

v.

The CITY OF FORT SMITH, ARKANSAS, A Municipal Corporation; Bill Harding, Individually and in his Capacity as the Planning–Director for the City of Fort Smith; and Stribling Boynton, Individually and in his Capacity as City Administrator for the City of Fort Smith, Defendants.

Civ. No. 89–2085.

United States District Court, W.D. Arkansas, Fort Smith Division.

June 22, 1989.

**12**

S. Walton Maurras, Harper, Young, Smith & Maurras, Fort Smith, Ark., for plaintiffs.

Jerry Lee Canfield and Wyman R. Wade, Jr., Daily, West, Core, Coffman & Canfield, Fort Smith, Ark., for defendants.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

The plaintiffs own land on Phoenix Avenue in Fort Smith. Sometime in 1988, they applied for a building permit for a convenience store at that location. In September, 1988, the city told the plaintiffs that before a building permit would be issued, they would have to grant to the city an easement for a right-of-way along the front of the property.

The plaintiffs appealed to the city planning commission for a variance on the right-of-way requirement; in December, 1988, the planning commission voted to deny a variance. The plaintiffs then appealed to the city board of directors; in January, 1989, the city board of directors passed a resolution affirming the planning commission's denial of a variance.

The plaintiffs sue the city and its planning director, the building official who first notified them of the requirement for a right-of-way easement, and the city administrator. The plaintiffs allege a taking of their property without due process and a violation of their state constitutional right to possess property.

The three individual defendants were sued in both their official and their individual capacities. All three now move to be dismissed in their individual capacities. The motion will be denied.

\* \* \*

The essence of the individual defendants' motion is that the harm, if any, consequent to the requirement of a right-of-way easement resulted not from the actions of the three individual officials named but as the result of the planning commission's denial of a variance from city ordinance requirements and the city board of directors' resolution affirming that denial. The individual defendants present this argument by way of the assertion that the taking, if any, did not occur until the decision to require the right-of-way easement was final, that the final decision as to that requirement did not take place until the votes of the planning commission and the city board of directors, and that none of the individual defendants is a member of either of those government bodies. *See, e.g., Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 186, 200, 105 S.Ct. 3108, 3116, 3123, 87 L.Ed.2d 126 (1985).

In the court's view, the individual defendants have confused the question of ripeness with that of proximate cause. The court agrees that the dispute was not ripe until "the government entity charged with implementing the regulations ... reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186, 105 S.Ct. at 3116.

That issue, however, is conceptually different from the issue of whether the individual defendants' actions had "a suffi-

ciently close relationship to the claimed violation of plaintiff's rights ... to conclude that [the defendants] 'subjected' [the plaintiffs] 'to the deprivation' of federally protected rights." M. Schwartz and J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 4.3 at 69 (1986), quoting 42 U.S.C. § 1983. In other words, if the harm suffered by the plaintiffs was "too remote a consequence of the [individual defendants'] action," those defendants cannot be held liable for that harm. *Martinez v. California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980). *See also* S. Nahmod, *Civil Rights and Civil Liberties Litigation* §§ 3.17, 3.18 (2d ed. 1986), and 1 C. Antieau, *Federal Civil Rights Acts* §§ 244, 245 (2d ed. 1980).

As the court sees it, the individual defendants are actually asking for a ruling that, as a matter of law, their actions were not the proximate cause of the harm allegedly suffered by the plaintiffs. The court cannot do so on the basis of the facts now before it, since nothing has been submitted detailing the duties, powers, or responsibilities of the individual defendants. The motion to dismiss is therefore denied.